356 So.2d 870 (1978)
Ralph L. MULDER, Appellant,
v.
STATE of Florida, Appellee.
No. 76-2317.
District Court of Appeal of Florida, Fourth District.
March 21, 1978.
Richard L. Jorandby, Public Defender, and Larry S. Weaver, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard P. Zaretsky, Asst. Atty. Gen., West Palm Beach, for appellee.
*871 MOORE, Judge.
This is an appeal from a revocation of probation on which appellant was placed subsequent to pleading guilty to a charge of uttering a forged instrument, a third degree felony proscribed by Section 831.02, Florida Statutes (1975). Upon revocation of probation, appellant was sentenced to three years incarceration.
Appellant contends that because the court was limited to a two year maximum sentence under the terms of his negotiated plea that the trial court cannot exceed that sentence upon revocation of probation. The trial court accepted the plea negotiations and, without objection, placed the defendant on probation for a period of three years.
After probation has been revoked, the trial court can "impose any sentence which it might have originally imposed before placing the probationer on probation." Section 948.06(1), Florida Statutes (1975). Appellant contends the plea negotiations were a restriction on this Statute. We disagree.
We hold that after probation has been revoked a trial court is free to impose any sentence up to the maximum sentence for the crime of which the defendant stands convicted. In this case the appellant was convicted of a third degree felony for which the maximum sentence was five years. Section 775.082(3)(d), Florida Statutes (1975).
Accepting appellant's contentions would lead to absurd results. If the original plea negotiations including an understanding that a defendant would be placed on probation, and the court agreed, the court would then be unable to impose any prison sentence in the event probation was subsequently revoked. It cannot be said that the legislature intended to leave society without any recourse against those defendants who receive the benefit of the court's mercy by being placed on probation and, subsequently, violate the terms thereof.
Appellant, having violated the terms of his probation, cannot now be heard to argue that the State is bound by the terms of an agreement which resulted in the initial imposition of probation.
Appellant's remaining point having no merit, the conviction and sentence appealed from is accordingly
AFFIRMED.
ALDERMAN, C.J., and CROSS, J., concur.