774 So.2d 924 (2001)
Travis A. TROTTER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3284.
District Court of Appeal of Florida, Fifth District.
January 5, 2001.
James B. Gibson, Public Defender, Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Travis A. Trotter ("Trotter") timely appeals his sentence arguing that he is entitled to be resentenced in accordance with Heggs v. State, 759 So.2d 620 (Fla.2000), wherein the Florida Supreme Court held that the 1995 sentencing guidelines were unconstitutional. We agree.
On October 22, 1996, Trotter pled guilty to the only charge set forth in the information filed against him, trafficking in cocaine.[1] In a written plea, the State recommended a sentence of 83.2 months incarceration, a sentence identical to that scored on Trotter's 1995 sentencing guideline scoresheet. The trial court sentenced Trotter to a term of 83.2 months incarceration without any mention of the sentencing guidelines. Trotter argues that, pursuant to Heggs, he is entitled to have his sentence vacated and this matter remanded for re-sentencing pursuant to the 1994 sentencing guidelines. The 1994 sentencing guidelines provided for a maximum guideline sentence of 41.75 months incarceration. We agree that Trotter is entitled to be re-sentenced according to the 1994 guidelines because his sentence fits within the window period for challenging the 1995 guidelines, which opened on October 1, 1995 and closed on May 24, 1997, and because his sentence exceeds the guidelines sentence which could be imposed under the 1994 guidelines. See Heggs, 759 So.2d at 630. See also Trapp v. State, 760 So.2d 924 (Fla.2000).
The State argues that, although Trotter's sentence falls within the window period, neither Heggs nor Trapp are applicable *925 because Trotter's original sentence did not exceed the 30 year maximum available for a first degree felony.[2] The State cites to Walker v. State, 682 So.2d 555 (Fla.1996) to support this argument. The State also argues that if Trotter is entitled to resentencing based on Heggs, the trial court can enter a departure sentence up to the statutory maximum because the plea called for a recommendation only from the State and the trial court is not bound by that recommendation. The State further argues that if this court determines that Trotter should be re-sentenced under the 1994 guidelines, then either party can move to withdraw Trotter's plea and proceed to trial with reinstatement of the original charge.
Although the State is correct that if a plea agreement is not conditioned on the sentencing guidelines then a defendant is not entitled to appellate relief if his sentence is not illegal, this law is inapplicable here because Trotter did not enter a plea to a specific sentence. See Bonilla v. State, 766 So.2d 1192 (Fla. 5th DCA 2000). The sentence which was imposed reflected a guidelines sentence. The State merely recommended a guideline sentence that would have been imposed even in the event that Trotter had been convicted by a jury of the crime charged. This case involves a straight-up guilty plea to the only charge contained in the information, not a negotiated plea agreement. Nothing in the record indicates that the State dismissed or reduced any original charges in exchange for the plea and there is no sentencing range contained in the plea or the transcript of the plea colloquy.
Trotter further asserts that, on remand, no departure from the sentencing guidelines can be imposed unless a valid reason for departure existed at the time of his original sentencing hearing. He also claims that any departure sentence can be no greater than the original sentence of 83.2 months. We agree. Upon re-sentencing, the trial court can depart from the guidelines if the court finds that valid grounds for departure existed as of the time of Trotter's original sentencing. However, in no event can the trial court increase the sentence beyond the original 83.2 month sentence because to do so would constitute a double jeopardy violation. See Berry v. State, 547 So.2d 1273, 1274 (Fla. 1st DCA 1989) (finding that the court can not impose a greater sentence once the defendant starts to serve an original sentence); State v. Wagner, 495 So.2d 283, 284 (Fla. 2nd DCA 1986) (stating "[s]ince Wagner has commenced service of his sentence, he may not be re-sentenced to a greater term of imprisonment. Such a term would constitute double jeopardy.").
Accordingly, Trotter's sentence is vacated and this cause is remanded with directions that Trotter be re-sentenced pursuant to the 1994 sentencing guidelines. Any departure from the sentencing guidelines must be supported by written reasons existing at the time of the original sentencing. In no event shall the new sentence exceed 83.2 months incarceration.
SENTENCE VACATED and CAUSE REMANDED with instructions.
W. SHARP, and PETERSON, JJ., concur.
NOTES
[1] See § 893.135(1)(b)1.a, Fla. Stat. (1995).
[2] See § 775.082(3)(b), Fla. Stat. (1995).