787 So.2d 94 (2001)
Jose ESTRADA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4401.
District Court of Appeal of Florida, Second District.
March 28, 2001.
*95 PATTERSON, Chief Judge.
Jose Estrada appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Estrada alleged in his motion that he is entitled to be resentenced pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court summarily denied Estrada's motion finding that his sentence could have been imposed under the 1994 guidelines without a departure. Id. For the reasons explained below, we reverse and remand for resentencing.
Estrada pleaded guilty to armed trafficking in amphetamine and conspiracy to traffic in amphetamine and was sentenced under the 1995 guidelines to 105 months' prison. The scoresheet under which he was sentenced reflected a range from 69 to *96 115 months. A 1994 scoresheet prepared with the same offenses yields a range of 40.8 months to 68 months. Thus, it would appear that Estrada would be entitled to resentencing under Heggs.
In its response filed in the trial court, the State asserted without explanation or clarification that Estrada's 105 month sentence could have been imposed under the 1994 guidelines without a departure and that Estrada was therefore not entitled to Heggs relief. The trial court apparently accepted this assertion at face value and denied Estrada's motion simply referring to the State's response to support its order. A review of the 1994 scoresheet prepared by the State reveals that in order to argue that Estrada was not entitled to Heggs relief, the State added a discretionary drug trafficking multiplier which was not included on Estrada's original 1995 scoresheet.
There is no indication whether the trial court approved the State's addition of this multiplier or simply overlooked it. In any event, Estrada was not given an opportunity to object to it. Although Estrada did in fact file a reply in the trial court calling the court's attention to the State's addition of the multiplier, that reply was not considered by the trial court because it was received after the trial court's order was rendered.
We first note that even if this had been a matter of the State simply correcting an error on the original scoresheet, the procedure followed would have been impermissible and a violation of Estrada's right to procedural due process. Although it is proper for the State to correct the original scoresheet in determining whether a defendant is entitled to resentencing under Heggs, the State must explicitly advise the trial court when it does so. Martinez v. State, 770 So.2d 211 (Fla. 4th DCA 2000). The court must then afford the defendant an opportunity to respond to and to contest any corrections. Id. In these situations it may be advisable for the trial court to appoint counsel to represent the defendant. Id.
The instant case, however, does not involve the correction of a scoresheet error but instead involves the inclusion of a discretionary multiplier. Rule 3.702(14) provides that the multiplier may be applied at the discretion of the sentencing court, not at the discretion of the assistant state attorney preparing the scoresheet. The State may not therefore add this multiplier to summarily defeat a Heggs claim; rather, the multiplier could only be added, if at all, by the trial court on resentencing.
We conclude, however, that the trial court may not add this discretionary multiplier when resentencing a defendant pursuant to Heggs. Although a trial court may, on a violation of probation, revise a scoresheet to include prior convictions that were mistakenly omitted from the original scoresheet, Roberts v. State, 644 So.2d 81 (Fla.1994), we do not believe that this authorizes a trial court, in correcting a sentence, to add a discretionary multiplier that it originally declined to impose. In determining that erroneously omitted prior convictions could be added for sentencing on a violation of probation, the supreme court reasoned that there was no reason to perpetuate an error and award "a defendant something to which he is not entitled." Id. at 82. The court further noted that because the defendant was being sentenced on a violation of probation, double jeopardy concerns did not come into play. Id.
The instant case differs in two important respects. First, the drug trafficking multiplier was not mistakenly omitted from Estrada's scoresheet. Rather, the trial court exercised its discretion and declined *97 to impose it. Thus, no error is being perpetuated nor has Estrada received the benefit of a mistake to which he is not entitled. The only benefit Estrada has received is the benefit of the trial court's reasoned decision that the multiplier need not be imposed. Under these circumstances, we conclude that the trial court may not, upon a defendant's motion to correct sentence, choose to add the multiplier. See, e.g., Kingsley v. State, 682 So.2d 641 (Fla. 5th DCA 1996) (holding that although points which were mistakenly omitted from a scoresheet may be added when sentencing for a violation of probation, a determination that only slight victim injury occurred may not be altered upon a violation of probation so as to increase the victim injury points); but see Merkt v. State, 764 So.2d 865 (Fla. 4th DCA 2000) (holding that Roberts does not limit trial courts to revising scoresheets in cases where the original scoresheet excluded points as the result of mistake, error, or unintentional omission).
We also note that double jeopardy concerns would come into play in the instant situation if the trial court were to sentence Estrada to a sentence greater than the one he originally received as authorized by the newly prepared 1994 scoresheet. Unlike the situation present in Roberts and other cases involving violations of probation, Estrada is being sentenced for "precisely the same conduct" for which he was originally sentenced, and double jeopardy would therefore prohibit imposition of a greater sentence. See, e.g., Nelson v. State, 724 So.2d 1202 (Fla. 2d DCA 1998).
Without the application of the multiplier, Estrada's sentence is a departure under the 1994 guidelines. He is therefore entitled to be resentenced pursuant to Heggs. We reverse the trial court's summary denial and remand for resentencing in accordance with this opinion.
Reversed and remanded for resentencing.
BLUE and DAVIS, JJ., concur.