785 So.2d 728 (2001)
Dennis ST. LAWRENCE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2318.
District Court of Appeal of Florida, Fifth District.
May 25, 2001.
*729 James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R.B., J.
Dennis St. Lawrence appeals the sentence imposed after he was resentenced pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). He argues that at resentencing, he was denied the opportunity to challenge the accuracy of the revised sentencing guideline scoresheet. We conclude that he should have been permitted to challenge the revised scoresheet and reverse for resentencing.
Because St. Lawrence's offense was committed within the window period for raising a Heggs challenge established in Trapp v. State, 760 So.2d 924 (Fla.2000), the trial court set the matter for resentencing. At the resentencing hearing, St. Lawrence attempted to challenge the accuracy of the revised sentencing scoresheet. In particular, he sought to challenge the propriety of assessing victim injury points and the inclusion of certain prior convictions. Because St. Lawrence had not objected to those matters at his original sentencing, the trial court concluded that he was precluded from raising such challenges at resentencing. We disagree.
Once the trial court determined that resentencing was appropriate, St. Lawrence was entitled to a de novo sentencing hearing with the full array of due *730 process rights. State v. Scott, 439 So.2d 219, 220 (Fla.1983); Baldwin v. State, 700 So.2d 95, 96 (Fla. 2d DCA 1997) (holding that on resentencing, a defendant is entitled to a de novo sentencing hearing and may challenge his prior record even though the priors had not been previously challenged). "[W]hen a discrepancy concerning the scoresheet is brought to the sentencing court's attention, the court should resolve the discrepancy and correct the scoresheet to reflect the accurate numbers." Erickson v. State, 565 So.2d 328, 336 (Fla. 4th DCA 1990). This is true irrespective of why the defendant is before the court for resentencing. Having an accurate scoresheet at sentencing or resentencing promotes confidence in the justice system. If the scoresheet is inaccurate, there is no benefit in perpetuating the error. Scoresheet corrections sometime benefit the defendant and sometime benefit the State. See, e.g., Merkt v. State, 764 So.2d 865 (Fla. 4th DCA 2000) (authorizing trial court to assess victim injury points in recalculating scoresheet based on Heggs, on revocation of community control, although victim injury was not scored as part of defendant's original sentencing).[1]
We now turn to St. Lawrence's claim that prior offenses to which a nolo contendere plea was entered, and for which adjudication of guilt was withheld and probation was successfully completed, are not "convictions" when calculating his "prior record" on the sentencing guideline scoresheet. Florida Rule of Criminal Procedure 3.702(d)(2) defines "conviction" as "a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended." Because a plea of no contest with an adjudication of guilt withheld and with probation successfully completed does not entail a "determination of guilt," such offenses should not be included as "prior record" under the sentencing guidelines. As the court held in Batchelor v. State, 729 So.2d 956, 958 (Fla. 1st DCA 1999):
In Florida, it is generally recognized that "the term `conviction' means determination of guilt by verdict of the jury or by plea of guilty, and does not require adjudication by the court." State v. Gazda, 257 So.2d 242, 243-44 (Fla.1971). An adjudication of guilt following a plea of no contest also qualifies as a "conviction." Raydo v. State, 696 So.2d 1225 (Fla. 1st DCA 1997), approved in part and quashed in part, 713 So.2d 996 (Fla. 1998). However, a no contest plea followed by a withhold of adjudication is not a "conviction." Garron v. State, 528 So.2d 353 (Fla.1988).
At the resentencing hearing, St. Lawrence was not permitted to challenge the accuracy of his scoresheet. Accordingly, we are unable to say whether victim injury and his prior record were accurately scored. Those are matters requiring factual determinations by the trial judge at resentencing.
For the foregoing reasons, we reverse St. Lawrence's sentence and remand the matter to the trial court for resentencing.
REVERSED AND REMANDED.
THOMPSON, C.J. and SHARP, W., J., concur.
NOTES
[1] The ability of a party to raise issues at resentencing is not unlimited. The law of the case doctrine applies wherein a party seeks to relitigate a specific issue which has been already raised and decided on the merits by an appellate court. Raley v. State, 675 So.2d 170 (Fla. 5th DCA 1996).