WHATLEY, Judge.
Michael Tim appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Tim alleged that he was entitled to resentenc-ing in two cases under the authority of Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court summarily denied Tim’s motion, finding that the court could have imposed the same sentences under the 1994 guidelines without imposing departure sentences. We reverse and remand to the trial court for further proceedings.
Tim was charged in case number 95-15979 with trafficking in cocaine and was sentenced to probation. ' Following that sentencing, he violated his probation on this charge with a new offense of possession of cocaine in case number 96-18382. Tim negotiated a plea in both cases and was sentenced to 98.2 months’ incarceration followed by 2 years’ drug offender probation on each charge to be served concurrently with each other. At this sentencing, the trial court determined that it would not utilize the discretionary drug multiplier in calculating Tim’s guidelines score. The scoresheet signed by the trial court indicated a guidelines range for Tim *1174 of 98.2 to 122.75 months’ incarceration. Tim’s motion to correct illegal sentence alleged that if the trial court sentenced him under the 1994 guidelines pursuant to Heggs, his current sentence would be substantially above his 1994 guidelines maximum sentence of 57 months’ incarceration.
The trial court held a hearing on Tim’s motion. At that hearing, the only question argued by counsel was whether the trial court had the discretion to use the drug multiplier on the newly prepared 1994 guidelines scoresheet. The defense argued that the trial court could not use the multiplier because it was not used on the scoresheet prepared at Tim’s last sentencing event. All parties agreed that Tim’s current sentences would be legal if the drug multiplier were used to calculate his guidelines score on the 1994 guidelines scoresheet. The trial court found that it had the discretion to apply the drug multiplier to Tim’s 1994 guidelines scoresheet and, thus, Tim’s sentences were legal under Heggs.
In making this determination, the trial court did not have the benefit of this court’s recent decision in Estrada v. State, 787 So.2d 94 (Fla. 2d DCA 2001). In Estrada, this court explained that the inclusion of the discretionary drug multiplier was impermissible when calculating a defendant’s score on a 1994 guidelines score-sheet unless the court that imposed the sentence under review had applied it.
Accordingly, we reverse the trial court’s order, and we remand for reconsideration of this claim.
Reversed and remanded for further proceedings.
PARKER, A.C.J., and CASANUEVA, J., Concur.