STRINGER, Judge.
Kenneth Michael Corns appeals the denial of his numerous motions to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Corns claims that he was sentenced under the 1995 sentencing guidelines, and pursuant to the ruling in Heggs v. State, 759 So.2d 620 (Fla.2000), he is entitled to be resentenced.
The trial court denied his motion on the basis that the sentences he received do not constitute departures under the 1994 guidelines, and therefore he is not entitled to relief. The court stated in its order that in an apparent effort to establish that Corns’ sentences under the 1994 guidelines were not departures, the State added prior convictions to Corns’ scoresheet that were not included when he was originally sentenced. Although the trial court attached a 1994 scoresheet to its order denying Corns’ motions, it did not attach Corns’ original 1995 scoresheet. Without this document or a transcript of the hearing at *83 which the additions were made to the 1994 scoresheet, we cannot conclude whether the 1994 scoresheet was properly prepared and therefore cannot adequately review whether Corns’ sentences were departures. See Howell v. State, 793 So.2d 26 (Fla. 2d DCA 2001). Thus, we reverse and remand for the court to either attach a part of the record conclusively refuting Corns’ claim or for resentencing.
On remand, if the court again denies Corns’ motion, it must also attach a transcript from the proceeding that indicates Corns was advised of the scoresheet additions and given an opportunity to respond. See Estrada v. State, 787 So.2d 94 (Fla. 2d DCA 2001). Based on Corns’ motions and appeal, we further note that he retains the right to file a facially sufficient motion to withdraw his pleas under rule 3.850 if he is able to do so. See Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) (en banc).
Corns’ remaining claim is affirmed without comment.
Reversed and remanded in part, affirmed in part.
THREADGILL, A.C.J., and DAVIS, J., Concur.