805 So.2d 856 (2001)
James WEBB, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3712.
District Court of Appeal of Florida, Second District.
September 12, 2001.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
*857 Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
James Webb appeals his sentence, contending that the trial court erred when it precluded him from offering mitigating evidence at his resentencing following a prior appeal. The State concedes error. We reverse and remand for resentencing.
On March 9, 1998, Mr. Webb was sentenced pursuant to a plea agreement to a term of imprisonment of thirty years under a statute later determined to be unconstitutional in State v. Thompson, 750 So.2d 643 (Fla.1999). Accordingly, his case was remanded for resentencing under laws validly in effect on December 17, 1996, the date he committed his crime. At the new sentencing hearing, Mr. Webb sought to introduce evidence in an effort to mitigate his sentencing exposure, but the trial court denied his request.
In a comparable case where resentencing was mandated by Heggs v. State, 759 So.2d 620 (Fla.2000), the trial court refused to permit the defendant to challenge the accuracy of the revised scoresheet. The Fifth District reversed. Once resentencing was determined appropriate, the defendant "was entitled to a de novo sentencing hearing with the full array of due process rights." St. Lawrence v. State, 785 So.2d 728, 729-30 (Fla. 5th DCA 2001) (citing State v. Scott, 439 So.2d 219 (Fla. 1983)). Similarly, this court held in Baldwin v. State, 700 So.2d 95 (Fla. 2d DCA 1997), that where a defendant contests, at a resentencing, the accuracy of prior convictions, the challenge is permissible because the defendant is entitled to a de novo sentencing proceeding.
We conclude that this rule is also applicable in this instance. Because resentencing was required under law, on remand Mr. Webb was entitled to a de novo hearing where he could present relevant sentencing evidence for the court's consideration.
Other than this court's prior limiting instruction to the trial court to impose a sentence consistent with the laws validly in effect on December 17, 1996, nothing in this opinion is intended to restrict the trial court's sentencing discretion.
Reversed and remanded with instructions.
ALTENBERND, A.C.J., and NORTHCUTT, J., Concur.