PER CURIAM.
The appellant challenges an order of the trial court summarily denying his claim, brought pursuant to Florida Rule of Criminal Procedure 3.800(a), that alleged he is entitled to relief under Heggs v. State, 759 So.2d 620 (Fla.2000). The appellant committed his crime on July 12, 1996, which is during the time period that the 1995 guidelines were unconstitutional. See Trapp v. State, 760 So.2d 924 (Fla.2000). The record on appeal reveals that the appellant pled “straight up,” rather than to a negotiated term of years, and that his guidelines *232 sentence is greater than that allowed under the 1994 guidelines. It thus appears that the appellant is entitled to resentenc-ing in accordance with the 1994 guidelines. See Trotter v. State, 774 So.2d 924 (Fla. 5th DCA 2001). Accordingly, we reverse the trial court’s order denying the appellant’s motion to correct his illegal sentence and remand for the trial court either to attach portions of the record conclusively establishing that the appellant is entitled to no relief or to grant the requested relief.
REVERSED and REMANDED.
ALLEN, C.J., MINER and DAVIS, JJ„ Concur.