PALMER, J.
Patrick Smith appeals his sentence which was entered by the trial court following a re-sentencing hearing granted pursuant to Smith’s rule 3.850 motion. See Fla. R.Crim. P. 3.850. Concluding that the trial court erred by failing to consider Smith’s contention that his guidelines scoresheet erroneously included two misdemeanors which did not result in convictions, we vacate the sentencing order and remand for re-sentencing.
Smith was convicted of committing an aggravated battery. He was initially sentenced to a term of fifty months in prison followed by five years probation. The conviction and sentence were affirmed on direct appeal. See Smith v. State, 743 So.2d 1103 (Fla. 5th DCA 1999).
Smith thereafter filed a rule 3.850 motion alleging, among other claims, that he was entitled to be re-sentenced under Heggs v. State, 759 So.2d 620 (Fla.2000)(holding the 1995 sentencing guidelines to be unconstitutional). The trial court agreed and scheduled a re-sentencing hearing. At that hearing, Smith alleged that the “prior record” section of his scoresheet incorrectly scored three convictions for misdemeanors that were not convictions and, accordingly, that his guidelines score should be reduced. In response, the State argued that Smith waived any such error when he did not challenge the accuracy of his prior record at the time of his original sentencing. The trial court apparently agreed with the State’s waiver argument and refused to consider the defendant’s claim.
In June v. State, 784 So.2d 1257 (Fla. 5th DCA 2001), we held that when a defendant receives a re-sentencing hearing pursuant to a Heggs ’ challenge, he or she is entitled to receive a de novo sentencing hearing with the full array of due process rights. Accordingly, the trial court should have rejected the State’s waiver argument and evaluated Smith’s scoresheet claim. See also Baldwin v. State, 700 So.2d 95, 96 (Fla. 2d DCA 1997)(holding that on re-sentencing, a defendant is entitled to receive a de novo sentencing hearing and can challenge his prior record even though the prior convictions had not been previously challenged).
Sentencing order VACATED and cause REMANDED for re-sentencing.
GRIFFIN and PLEUS, JJ., concur.