NORTHCUTT, Judge.
Bernetta Williams challenges the sentence imposed after she was resentenced *302 pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). At her resentencing hearing, she attempted to argue that her guidelines scoresheet was incorrect for two reasons: first, because a juvenile adjudication had been improperly scored as prior record; and second, because victim injury points should have been scored as minor rather than moderate. She was not permitted to introduce evidence on the first point because the court and her own counsel agreed the issue was time-barred. Concerning her second point, although Williams’s counsel did mention the victim’s injuries were minor, no testimony was presented to support his assertion. The court impliedly rejected the argument when it sentenced Williams based on a scoresheet that included points for moderate victim injury. We reverse and remand for resen-tencing.
Once a circuit court determines that resentencing is appropriate, a defendant is entitled to a de novo sentencing hearing with the full array of due process rights. This rule applies to a Heggs resen-tencing. Webb v. State, 26 Fla. L. Weekly D2198, — So.2d-, 2001 WL 1040754 (Fla. 2d DCA Sept.12, 2001); see also St. Lawrence v. State, 785 So.2d 728 (Fla. 5th DCA 2001). Williams was entitled to present relevant sentencing evidence for the court’s consideration. Webb. Because the court rejected her arguments without hearing evidence, we reverse and remand for a new sentencing hearing.
Reversed and remanded.
BLUE, C.J., and RAMSBERGER, PETER M., Associate Judge, Concur.