801 So.2d 1041 (2001)
Travis A. TROTTER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-873.
District Court of Appeal of Florida, Fifth District.
December 21, 2001.
*1042 James B. Gibson, Public Defender and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Travis Trotter appeals his sentence which was imposed by the trial court upon remand from this court. Concluding that the trial court did not abuse its discretion in applying a statutory multiplier, we affirm.
Trotter was originally charged with committing the crime of trafficking in cocaine. He entered a plea of guilty as charged. In a written plea agreement, the State recommended a sentence of 83.2 months incarceration, a sentence identical to that scored on Trotter's 1995 sentencing guidelines scoresheet. The trial court sentenced Trotter to 83.2 months incarceration. In so doing, the trial court determined that the recommended guideline sentence was appropriate and, therefore, struck through the portion of the scoresheet which authorized the court to enhance Trotter's sentence by applying a 1.5 multiplier to the number of sentence points scored due to the fact that he was convicted of drug trafficking.[1]
Trotter appealed his sentence, arguing that pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), he was entitled to have his sentence vacated and the matter remanded for re-sentencing under the 1994 sentencing guidelines. This court agreed that he was entitled to be re-sentenced according to the 1994 guidelines and, therefore, vacated Trotter's sentence and remanded the matter to the trial court for re-sentencing. Trotter v. State, 774 So.2d 924 (Fla. 5th DCA 2001) (Trotter I).
On remand, the trial court conducted a re-sentencing hearing, at which time *1043 it determined that the maximum guideline sentence without the multiplier would be 41.75 months imprisonment. Concluding that such a sentence would be insufficient, the court applied the multiplier and sentenced Trotter to a term of 72 months incarceration, stating on the record that, "the court finds that the 1.5 multiplier is applicable and was applicable at the time of your commission of this offense for trafficking in cocaine."
Trotter again appeals his sentence, arguing that the trial court lacked the authority to enhance his sentence by applying the 1.5 discretionary sentencing multiplier because, in originally imposing sentence, the trial court exercised its discretion and refused to apply the multiplier. We disagree.
As a general rule, once the trial court determines that re-sentencing is appropriate under Heggs, the sentencing hearing is de novo. St. Lawrence v. State, 785 So.2d 728 (Fla. 5th DCA 2001); June v. State, 784 So.2d 1257, 1259 (Fla. 5th DCA 2001).[2] Accordingly, the trial court had the authority at the de novo sentencing hearing to exercise its discretion to apply the multiplier. See Merkt v. State, 764 So.2d 865 (Fla. 4th DCA 2000)(authorizing trial court to assess victim injury points in recalculating scoresheet based on Heggs, on revocation on community control, although victim injury was not scored as part of defendant's original sentencing).
Trotter contends that the multiplier could not be assessed at his second sentencing hearing citing to Estrada v. State, 787 So.2d 94 (Fla. 2d DCA 2001) wherein the Second District held that the trial court is not authorized to add a discretionary multiplier to a defendant's scoresheet upon a Heggs re-sentencing when the multiplier was purposefully omitted during the defendant's original sentencing. We respectfully disagree with this holding and certify conflict with Estrada. The Estrada case based its holding in part on this court's decision in Kingsley v. State, 682 So.2d 641 (Fla. 5th DCA 1996), which held that, although points which were mistakenly omitted from a scoresheet can be added when sentencing for violation of probation, a determination that only slight victim injury occurred cannot be altered on a violation of probation so as to increase the victim injury point. The holding in Kingsley is not applicable here because Kingsley involved a sentencing upon violation of probation, which raises double jeopardy issues not present at a de novo re-sentencing hearing pursuant to a Heggs reversal.
SENTENCE AFFIRMED; CONFLICT CERTIFIED.
GRIFFIN and ORFINGER, R.B., JJ., concur.
NOTES
[1] The multiplier is a sentencing enhancement tool set forth in rule 3.702(14) of the 1994 version of the Florida Rules of Criminal Procedure:

Rule 3.702. Sentencing Guidelines (1994) * * *
(14) If the primary offense is drug trafficking under section 893.135, the subtotal sentence points may be multiplied, at the discretion of the sentencing court, by a factor of 1.5.
[2] In light of these recent holdings, the language in Trotter I which limited any re-sentencing to the 83.2 months originally imposed would only be applicable if the trial court vindictively sought to impose a longer sentence upon re-sentencing. See North Carolina v. Pearce, 395 U.S. 711, 726, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).