810 So.2d 1008 (2002)
Fernando L. APONTE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2476.
District Court of Appeal of Florida, Fourth District.
March 6, 2002.
*1009 Fernando L. Aponte, Polk City, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Fernando Aponte pled nolo contendre to two counts of lewd, lascivious or indecent acts upon a minor and was sentenced on May 5, 1998. The plea agreement called for a downward departure sentence of probation. Victim injury points were not assessed because of the agreement for the downward departure sentence.
After Aponte violated probation, the trial court revoked his probation and sentenced him to nine years and eight months in the Department of Corrections. Aponte then filed a rule 3.800(a) Motion to Correct Illegal Sentence. The trial court denied the motion without prejudice to file a rule 3.850 motion for postconviction relief. Aponte appeals from an order dated May 23, 2001, which summarily denied his rule 3.850 Motion for Postconviction Relief.[1] Aponte raises six points on appeal but only two points warrant discussion.
At his sentencing for violation of probation, the trial court used a scoresheet that included victim injury points (sex penetration). Aponte asserts that he should be resentenced because the court improperly assessed victim injury points which were omitted at his original sentencing hearing through a plea agreement with the state. In its response, the state cites to Merkt v. State, 764 So.2d 865 (Fla. 4th DCA 2000), in support of its contention that upon a violation of probation, the trial court may assess victim injury points for the underlying offense even if the trial court did not assess such points at the time of the entry of the plea pursuant to the plea agreement.
In Merkt, the defendant pled guilty to two felonies, including lewd and lascivious assault on a minor. Id. at 866. The plea agreement called for two years in prison followed by two years community control and ten years probation. Id. No victim injury points were assessed on the scoresheet. Id. Subsequently, the court revoked the defendant's community control upon a violation and assessed victim injury points after an evidentiary hearing regarding victim injury. Id. The defendant challenged the assessment of the victim injury points and this court held that the trial court could properly assess the victim injury points. Id. at 866-67. However, Merkt makes no mention of a plea agreement excluding victim injury points. Aponte asserts that Merkt fails to address whether the trial court may assess victim injury *1010 points at the revocation proceeding when the plea agreement for the underlying offense specifically called for no assessment of injury points. Aponte contends under these circumstances, upon violation of probation, a sentencing court is constrained by the terms of the plea agreement for the original offense. The trial court, however, is not so restrained. See Mulder v. State, 356 So.2d 870 (Fla. 4th DCA 1978).
In Mulder, the appellant entered a plea of guilty pursuant to a plea agreement that he would not receive more than two years in prison. Id. at 871. The trial court sentenced him to three years probation. Id. Upon violation of probation, the trial court sentenced the appellant to three years in prison. Id. In affirming the sentence, this court relied on section 948.06(1), Florida Statutes (1975), which states that after revocation of probation, the court may impose any sentence it may have imposed before placing the defendant on probation. Id. The Florida Supreme Court approved Mulder. See State v. Segarra, 388 So.2d 1017, 1018 (Fla.1980).
In Segarra, the defendant was charged with burglary, a second degree felony carrying a maximum sentence of fifteen years. Id. at 1017. Plea negotiations resulted in a plea of guilty with a five-year cap on the sentence. Id. After presentence investigation, the trial court sentenced the defendant to five years probation with two conditions, one of which the defendant violated. Id. The trial court revoked the defendant's probation and sentenced the defendant to fifteen years. Id. The Third District Court of Appeal reversed the trial court and held that the maximum sentence which the court could impose upon violation of probation was five years. Id. The district court pointed out that there had been an agreed maximum sentence of five years as a part of a plea negotiation which was accepted and approved by the defendant, the prosecutor and the judge. Id.
The supreme court noted the conflict between the third district's decision in Segarra and this court's opinion in Mulder. Id. at 1018. In quashing the third district decision, the court quoted the following language taken from the second district's decision in Johnson v. State, 378 So.2d 335 (Fla. 2d DCA 1980):
As between the two views, we opt for the position taken by the fourth district court of appeal. So long as the order of probation was within the terms of the agreement, the court has fulfilled the plea bargain. The events which bring about a revocation open a new chapter in which the court ought to be able to mete out any punishment within the limits prescribed for the crime.
Id. (quoting Johnson, 378 So.2d at 335-36). The supreme court held that when a defendant pleads guilty pursuant to a plea bargain and the trial court places him on probation, if he violates his probation, the trial court can sentence him to a term in excess of provisions of the original bargain. Id. Thus, as the state asserts, a trial court may assess victim injury points under these circumstances.
Unlike the concurring opinion, we find that the decisions in Kingsley v. State, 682 So.2d 641 (Fla. 5th DCA 1996) and Estrada v. State, 787 So.2d 94 (Fla. 2d DCA 2001) are distinguishable from our holding in the instant case. In Kingsley, the defendant appealed a final judgment and sentence entered following a violation of probation. 682 So.2d 641. The fifth district affirmed the conviction, but reversed and remanded for resentencing because a revised sentencing guideline scoresheet which reflected 40 points for severe victim injury was utilized rather than the original sentencing guideline scoresheet, which allotted only four points for slight victim *1011 injury. Id. at 641-42. This case is distinguishable from Kingsley, because in the instant case the trial court did not address the issue of victim injury points at the original sentencing hearing.
In Estrada, the defendant appealed a summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. 787 So.2d at 95. Estrada pled guilty to armed trafficking in amphetamine and conspiracy to traffic in amphetamine and was sentenced under the 1995 sentencing guidelines. Id. He alleged in his motion that he was entitled to be resentenced pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). Id. Heggs holds that a defendant is entitled to resentencing if the sentence imposed under the unconstitutional 1995 guidelines would constitute an impermissible departure sentence under the 1994 guidelines. Therefore, Estrada would not be entitled to resentencing under Heggs if he could receive the same sentence under the 1994 sentencing guidelines without a departure, as he received under the 1995 sentencing guidelines. At the original sentencing hearing the trial court declined to apply the 1.5 multiplier for drug trafficking permissible under Florida Rule of Criminal Procedure 3.702(14). Id. at 96. The second district held that the trial court was not authorized to add the discretionary multiplier that it originally declined to impose in order to avoid the resentencing requirements of Heggs. Id. The instant case is distinguishable from Estrada. Whereas in Estrada, the trial court at the original sentencing hearing made the determination that the discretionary multiplier was not appropriate and declined to assess it, in the instant case the trial court at the original sentencing hearing did not determine whether the victim injury points should be assessed.
In the concurring opinion, Judge Klein opines that the plain meaning of section 948.06(1), Florida Statutes (2001) prohibits adding points after probation is revoked. To support his interpretation, he suggests that in Roberts v. State, 644 So.2d 81 (Fla. 1994), the Florida Supreme Court validated his narrow interpretation of section 948.06(1) when it determined that upon a violation of probation an original scoresheet may not be revised but carved out one exception, i.e., prior convictions which were mistakenly omitted from the original scoresheet. There is nothing in Roberts to suggest that the Florida Supreme Court, in Roberts, considered every reason a trial court might have to revise an original scoresheet and that the one exception addressed was the only exception. The mere fact that the supreme court found that it was permissible to add points for prior convictions that were mistakenly omitted, does not lead to the conclusion that it would be impermissible to add points for any other possible reason.
There is no doubt that in the instant case, the trial court could have assessed victim injury points at the original sentencing hearing had the state presented evidence to support victim injury points. Therefore, we see no reason why the plain reading of section 948.06(1) does not permit the same victim injury points to be assessed upon a violation of probation.
The second issue that warrants discussion deals with Aponte's claim that he is entitled to resentencing under Heggs, because he was erroneously sentenced under the unconstitutional 1995 guidelines. The state concedes that Aponte falls within the Heggs window. However, the state argues that when penetration points are included in the 1994 scoresheet, Aponte could receive the sentence that was imposed without a departure, and thus, he is not entitled to Heggs relief.
The state's position is correct. If the victim injury points are assessed, Aponte is not entitled to resentencing under Heggs. However, before victim injury *1012 points can be assessed, the trial court must hold an evidentiary hearing regarding facts which support the extent and nature of the victim injury. See Marrs v. State, 770 So.2d 277, 279 (Fla. 4th DCA 2000); Echols v. State, 660 So.2d 782, 785 (Fla. 4th DCA 1995). An examination of the record fails to reflect an evidentiary hearing was ever held regarding victim injury before the victim injury points were assessed. Therefore, we reverse the sentence and remand to the trial court to hold an evidentiary hearing to determine the appropriateness of imposing victim injury points. Should the evidence adduced at the evidentiary hearing fail to support the imposition of victim injury points, the trial court is directed to resentence Aponte under the 1994 guidelines without victim injury points. If the evidence adduced does support the assessment of victim injury points for sex penetration then the sentence which is the subject of this appeal may be reimposed. As to the remaining points raised on appeal by Aponte, we affirm.
Affirmed in part and reversed in part.
STONE, J., concurs.
KLEIN, J., concurs specially with opinion.
KLEIN, J., specially concurring.
I question whether victim injury points can be added to an original guidelines scoresheet when a defendant is sentenced for violating probation. I am agreeing with the result because of precedent from this court; however, as a member of one of the panels that established that precedent, I have now concluded that we should not have done so.
The trial court's authority to impose a stiffer sentence after a violation of probation comes from section 948.06(1), Florida Statutes (2001) which provides:
If probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he or she has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control. (emphasis added).
In my opinion the plain meaning of section 948.06(1) prohibits adding points after probation is revoked.
The Florida Supreme Court has carved out one exception to the statute, which is that a trial court can add prior convictions to the original scoresheet, where the prior convictions were mistakenly omitted from the original scoresheet. Roberts v. State, 644 So.2d 81 (Fla.1994). The rationale of Roberts was that: "Neither the rules nor the substantive law justifies a defendant receiving the largesse of a judicial error." Id. at 82 (quoting from Roberts v. State, 611 So.2d 58, 59 (Fla. 3d DCA 1992)). Prior to Roberts, the majority of our district courts of appeal had held that prior convictions mistakenly omitted from the original scoresheet could not be added when sentencing for violation of probation.[2]
Although neither our supreme court nor any other district courts of appeal have authorized victim injury points to be added to the scoresheet on revocation, this court has done so in several cases, the first of which was Echols v. State, 660 So.2d 782 (Fla. 4th DCA 1995).[3] In Echols, the defendant *1013 was also being resentenced after a reversal of his sentence under Karchesky v. State, 591 So.2d 930 (Fla.1992).
There is a significant distinction between a resentencing following a reversal of a sentence and a sentencing on revocation of probation. A resentencing after reversal of a sentence is a de novo proceeding in which both the state or the defendant can put on additional evidence and raise issues which were not raised at the original sentencing hearing. Altman v. State, 756 So.2d 148 (Fla. 4th DCA 2000); Doggett v. State, 584 So.2d 116 (Fla. 1st DCA 1991); Phillips v. State, 705 So.2d 1320 (Fla.1997)(resentencing in a death penalty case is an entirely new proceeding). This does not violate the prohibition against double jeopardy. Lockhart v. Nelson, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). Nor is a resentencing after reversal of a sentence limited by section 948.06(1), which applies only to sentences imposed on revocation of probation.
In Kingsley v. State, 682 So.2d 641 (Fla. 5th DCA 1996) the defendant's scoresheet at the original sentencing contained four points for slight victim injury, but on revocation of his probation the scoresheet was revised to include forty points for severe victim injury. The fifth district reversed and held that the trial court had to use the original scoresheet. See also Trotter v. State, 801 So.2d 1041 (Fla. 5th DCA 2001)(additional scoresheet points can be considered upon a Heggs re-sentencing, but not where sentencing is based on a violation of probation, as that would raise a double jeopardy problem).
In Estrada v. State, 787 So.2d 94 (Fla. 2d DCA 2001), the court held that a discretionary multiplier for drug trafficking could not be added to a defendant's scoresheet when he was being sentenced for violating probation, because it would violate double jeopardy.[4]
Although the Trotter and Estrada courts expressed concerns about double jeopardy when points are added to the original scoresheet, the results of my research are inconclusive as to whether it is double jeopardy. In Roberts, in which the Florida Supreme Court held that prior convictions mistakenly omitted from the original scoresheet could be added, the court decided that double jeopardy did not prohibit it. If double jeopardy does not prohibit what was done in Roberts, it may not prohibit what is being done in this case. I remain of the opinion, however, that it violates section 948.06(1).
NOTES
[1] Aponte also filed a direct appeal of the judgment and sentence, which this court affirmed per curiam.
[2] Manuel v. State, 582 So.2d 823 (Fla. 2d DCA 1991); Pfeiffer v. State, 568 So.2d 530 (Fla. 1st DCA 1990); Graham v. State, 559 So.2d 343 (Fla. 4th DCA 1990).
[3] The other cases are Marrs v. State, 770 So.2d 277 (Fla. 4th DCA 2000), Landeverde v. State, 769 So.2d 457 (Fla. 4th DCA 2000), and Merkt v. State, 764 So.2d 865 (Fla. 4th DCA 2000).
[4] In Estrada the defendant was also entitled to be resentenced under Heggs, but the second district did not distinguish between a resentencing under Heggs and a probation violation resentencing. The fifth district recognized in Trotter that there is a distinction between a resentencing on reversal and a probation violation resentencing. The Trotter court certified conflict with Estrada on the issue of whether a discretionary multiplier for drug trafficking could be applied to a scoresheet after a reversal of the defendant's sentence under Heggs.