825 So.2d 362 (2002)
Travis A. TROTTER, Petitioner,
v.
STATE of Florida, Respondent.
No. SC02-14.
Supreme Court of Florida.
August 22, 2002.
*363 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
Robert A. Butterworth, Attorney General, and Angela D. McCravy and Kellie A. Nielan, Assistant Attorneys General, Daytona Beach, FL, for Respondent.
PARIENTE, J.
We have for review the Fifth District Court of Appeal's opinion in Trotter v. State, 801 So.2d 1041, 1043 (Fla. 5th DCA 2001), which certified conflict with the Second District Court of Appeal's opinion in Estrada v. State, 787 So.2d 94, 96 (Fla. 2d DCA 2001). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. The conflict issue involves whether, upon remand for resentencing pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000),[1] the trial court *364 may exercise its discretion to impose a drug trafficking multiplier when the trial court did not impose the multiplier at the original sentencing.[2] For the reasons that follow, we conclude that double jeopardy is not violated and that due process principles are not implicated under the circumstances presented in this case. Accordingly, we approve the decision of the Fifth District.

BACKGROUND
Petitioner Travis Trotter was charged with trafficking in 28 grams or more of cocaine. See Trotter, 801 So.2d at 1042. He entered a guilty plea, and in a written plea agreement, the State recommended a sentence of 83.2 months' incarceration. See id.[3] The trial court sentenced Trotter to 83.2 months' incarceration under the 1995 sentencing guidelines. See id. Under the 1995 sentencing guidelines, the 83.2 month sentence fell within the middle of the permitted sentencing range of 76 to 113 months. See Fla. R.Crim. P. Form 3.988(g). However, the trial court declined to enhance Trotter's sentence by applying a 1.5 multiplier to the number of sentence points scored. See Trotter, 801 So.2d at 1042. It is undisputed that the multiplier would have been permissible as a result of the fact that Trotter's conviction was for drug trafficking.
Trotter appealed his sentence, asserting that pursuant to this Court's opinion in Heggs, he was entitled to have his sentence vacated and to be resentenced under the 1994 sentencing guidelines. See Trotter, 801 So.2d at 1042. The sentencing range without the multiplier under the 1994 sentencing guidelines was between 25.05 and 41.75 months' incarceration. The sentencing range with the 1.5 multiplier was between 48.075 and 80.125 months' incarceration. Therefore, Trotter argued that because his original sentence of 83.2 months fell outside of the 1994 guidelines, he was entitled to resentencing under Heggs. See Trotter, 801 So.2d at 1042. The Fifth District agreed that Trotter was entitled to be resentenced according to the 1994 guidelines, and the court vacated Trotter's sentence and remanded the matter to the trial court for resentencing. See id.
On remand, the trial judge who originally sentenced Trotter conducted the resentencing hearing and determined that a sentence imposed under the 1994 guidelines without applying the multiplier "would be insufficient." Id. at 1043. The trial court stated that "the court finds that the 1.5 multiplier is applicable and was applicable at the time of your commission of this offense for trafficking in cocaine." Id. Consequently, the trial court applied the multiplier and imposed a sentence of 72 months' incarceration. See id.
Trotter again appealed his sentence to the Fifth District, contending that the trial *365 court lacked the authority to enhance his sentence by applying the multiplier because, in originally sentencing Trotter, the trial court exercised its discretion and refused to apply the multiplier. See id. The Fifth District rejected Trotter's argument. See id. The Fifth District first explained that a resentencing under Heggs is a de novo sentencing proceeding. See id. Next, the Fifth District expressly disagreed with the Second District's decision in Estrada, which held that the trial court is not authorized to add a discretionary multiplier to a defendant's scoresheet upon a Heggs resentencing when the trial court declined to impose the multiplier during the defendant's original sentencing. See Trotter, 801 So.2d at 1043. The Fifth District explained that the Second District in Estrada based its decision in part on the Fifth District's earlier decision in Kingsley v. State, 682 So.2d 641 (Fla. 5th DCA 1996), which held that, "although points which were mistakenly omitted from a scoresheet can be added when sentencing for violation of probation, a determination that only slight victim injury occurred cannot be altered on a violation of probation so as to increase the victim injury points." Trotter, 801 So.2d at 1043. The Fifth District in Trotter explained that Kingsley was not applicable because that case involved a sentencing upon violation of probation, which would raise double jeopardy issues not present at a de novo resentencing hearing pursuant to a Heggs reversal. See Trotter, 801 So.2d at 1043. Therefore, the Fifth District affirmed the trial court's assessment of the multiplier in this case and certified conflict with Estrada. See Trotter, 801 So.2d at 1043.

ANALYSIS
Because the issue of whether the imposition of the multiplier on resentencing after a Heggs remand violates Trotter's double jeopardy and due process rights involves pure questions of law, this claim is subject to de novo review. See Demps v. State, 761 So.2d 302, 306 (Fla.2000); cf. United States v. Watkins, 147 F.3d 1294, 1296 (11th Cir.1998) (holding that whether resentencing violated double jeopardy was a pure question of law subject to de novo review). We first address Trotter's double jeopardy claim.
The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause of the Florida Constitution similarly provides: "No person shall ... be twice put in jeopardy for the same offense." Art. I, § 9, Fla. Const. The scope of the Double Jeopardy Clause is the same in both the federal and Florida Constitutions. See Carawan v. State, 515 So.2d 161, 164 (Fla. 1987), superseded on other grounds by § 775.021(4), Fla. Stat. (2001); Cohens v. Elwell, 600 So.2d 1224, 1225 (Fla. 1st DCA 1992).
In Harris v. State, 645 So.2d 386, 388 (Fla.1994), this Court held that double jeopardy is not implicated in the context of a resentencing following an appeal of a sentencing issue. In Harris, the defendant was convicted of robbery while armed with a firearm and resisting an officer without violence. Id. at 387. The State requested habitual offender sanctions, but the defendant convinced the trial court that such sanctions were not legally permissible for his convictions. See id. The defendant was sentenced to 27 years and was not sentenced as a habitual offender. See id. The defendant appealed both his convictions and sentences to the district court, and the State cross-appealed the issue of whether the trial court had the *366 legal authority to impose habitual offender sanctions. See id. The district court affirmed the convictions, but concluded that the trial court erred in finding that the defendant's convictions were not subject to habitualization. See id. Therefore, the district court remanded for resentencing under the habitual offender statute. See id. On remand, the trial court sentenced the defendant as a habitual offender to a term of 27 years. See id. Although the new sentence was the same number of years as the original sentence, the defendant was subjected to a longer period of incarceration under the habitual offender sentence than he otherwise would have served. See id.[4]
This Court rejected the defendant's contention that the imposition of a habitual offender sentence on remand violated double jeopardy, concluding:

Like the United States Supreme Court, we find that the Double Jeopardy Clause is not an absolute bar to the imposition of an increased sentence on remand from an authorized appellate review of an issue of law concerning the original sentence. Harris has not been deprived of any reasonable expectation of finality in his original sentence, nor has he been subject to repeated attempts to convict. We note that the State's cross-appeal in this case involved only a legal issue and not the trial court's discretionary judgment concerning Harris's sentence. The trial court's decision against habitual offender sanctions was not based on the State's failure to carry its burden of persuasion. It was a choice based on the law at the time of the trial judge's decision concerning the circumstances under which a defendant could be habitualized. "[T]he trial court would have originally sentenced Harris as a habitual offender but for the uncertainty in the then state of the law...." Harris, 624 So.2d at 280. The law was clarified by this Court after the initial sentencing and while Harris's case was pending on appellate review. It is now clear that Harris can properly be treated as a habitual offender. We find that Harris had no expectation of finality regarding his sentence where he opened the door to the district court's appellate jurisdiction on an issue of law that was clarified while his case was still pending.

Id. at 388 (emphasis supplied). See also Goene v. State, 577 So.2d 1306, 1309 (Fla. 1991) (holding that double jeopardy did not preclude defendant who was originally sentenced pursuant to inaccurate scoresheet due to his affirmative misrepresentations from being resentenced to a greater term on remand); Cheshire v. State, 568 So.2d 908, 912 (Fla.1990) (holding that double jeopardy did not preclude trial court from imposing a guidelines sentence on remand where trial court erroneously imposed downward departure sentence at original sentencing). Cf. Roberts v. State, 644 So.2d 81, 82 (Fla.1994) (concluding that during resentencing, after defendant violated probation, double jeopardy did not preclude trial court from revising sentencing guidelines scoresheet to include prior convictions that were mistakenly omitted from original scoresheet through no fault of the defendant).
In arguing that the trial court lacked the authority to enhance his sentence by applying the multiplier on remand, Trotter relies almost exclusively upon the Second *367 District's decision in Estrada v. State, 787 So.2d 94 (Fla. 2d DCA 2001). In Estrada, the Second District held that the trial court may not add the discretionary multiplier when resentencing a defendant pursuant to Heggs, where the trial court exercised its discretion and declined to impose the multiplier at the original sentencing. Id. at 96-97. The Second District reasoned:
First, the drug trafficking multiplier was not mistakenly omitted from Estrada's scoresheet. Rather, the trial court exercised its discretion and declined to impose it. Thus, no error is being perpetrated nor has Estrada received the benefit of a mistake to which he is not entitled. The only benefit Estrada has received is the benefit of the trial court's reasoned decision that the multiplier need not be imposed. Under these circumstances, we conclude that the trial court may not, upon a defendant's motion to correct sentence, choose to add the multiplier. See, e.g., Kingsley v. State, 682 So.2d 641 (Fla. 5th DCA 1996) (holding that although points which were mistakenly omitted from a scoresheet may be added when sentencing for a violation of probation, a determination that only slight victim injury occurred may not be altered upon a violation of probation so as to increase the victim injury points); but see Merkt v. State, 764 So.2d 865 (Fla. 4th DCA 2000) (holding that Roberts does not limit trial courts to revising scoresheets in cases where the original scoresheet excluded points as the result of mistake, error, or unintentional omission).
We also note that double jeopardy concerns would come into play in the instant situation if the trial court were to sentence Estrada to a sentence greater than the one he originally received as authorized by the newly prepared 1994 scoresheet. Unlike the situation present in Roberts and other cases involving violations of probation, Estrada is being sentenced for "precisely the same conduct" for which he was originally sentenced, and double jeopardy would therefore prohibit imposition of a greater sentence. See, e.g., Nelson v. State, 724 So.2d 1202 (Fla. 2d DCA 1998).
Id. at 96-97.
We conclude that, in Estrada, the Second District erred in concluding that double jeopardy principles would prevent a trial court from imposing a drug trafficking multiplier upon remand for a Heggs resentencing, where the trial court initially declined to impose the multiplier during the defendant's original sentencing. In Heggs, we held that an individual was entitled to resentencing utilizing the 1994 guidelines if the sentence imposed under the 1995 guidelines could not have been imposed absent a departure. 759 So.2d at 627. Thus, we authorized remand for resentencing in accordance with the sentencing guidelines in effect prior to the date the unconstitutional amendments made by chapter 95-184 became effective. See Heggs, 759 So.2d at 630-31; see also Consiglio v. State, 818 So.2d 467, 468 (Fla. 2002).
Although this Court has never expressly held that a resentencing under Heggs is a de novo sentencing proceeding, such a conclusion follows from the fact that the original sentence must necessarily be vacated, and the fact that we have directed that upon remand, the trial court is authorized to resentence the defendant in accordance with the valid laws in effect at the time the defendant committed the offense. Heggs, 759 So.2d at 630-31. As the district courts of appeal that have considered the scope of a Heggs remand have concluded, a Heggs resentencing entitles the defendant to a de novo sentencing hearing with the full array *368 of due process rights. See Pelham v. State, 815 So.2d 733, 734 (Fla. 2d DCA 2002); Webb v. State, 805 So.2d 856, 857 (Fla. 2d DCA 2001); Duvalt v. State, 805 So.2d 834, 834 (Fla. 2d DCA 2001); Williams v. State, 801 So.2d 301, 302 (Fla. 2d DCA 2001); Diaz v. State, 790 So.2d 523, 523 (Fla. 4th DCA 2001); Smith v. State, 800 So.2d 752, 753 (Fla. 5th DCA 2001); St. Lawrence v. State, 785 So.2d 728, 729-30 (Fla. 5th DCA 2001). These district court decisions are consistent with our jurisprudence. See State v. Scott, 439 So.2d 219, 220 (Fla.1983) (concluding that "once the court has determined that the sentence was indeed illegal and the prisoner is entitled to a modification of the original sentence or the imposition of a new sentence, the full panoply of due process considerations attach"); see also Jackson v. State, 767 So.2d 1156, 1159-60 (Fla.2000) (holding that resentencing after vacating a sentence of death must comply with the requirements of due process and the Sixth Amendment).
We agree with the district courts of appeal that a resentencing pursuant to Heggs is a de novo sentencing proceeding that must comport with constitutional requirements. However, we also agree with the Fifth District in Trotter that if the trial court lawfully could have imposed a multiplier at the time of the original sentencing, then double jeopardy principles are not violated when the trial court on resentencing after a Heggs remand imposes a drug trafficking multiplier, even though the trial court declined to impose the multiplier at the original sentencing.
As in Harris, Trotter was not deprived of any reasonable expectation of finality in his original sentence because he challenged his sentence on appeal on a legal basis; that is, the unconstitutionality of utilizing the 1995 sentencing guidelines under Heggs. The trial court's utilization of the 1995 guidelines for Trotter's original sentence constituted a mistake of law. As the Second District observed in a similar circumstance, the trial court did not have "a crystal ball" to know that subsequent to the imposition of Trotter's sentence, this Court would declare the 1995 sentencing guidelines unconstitutional. Everett v. State, 770 So.2d 192, 193 (Fla. 2d DCA 2000).
The trial court in this case originally concluded that the appropriate sentence for Trotter's drug trafficking violation was 83.2 monthsthe sentence suggested by the State. See Trotter, 801 So.2d at 1042. Thus, at the time of the original sentencing, the application of the trafficking multiplier was unnecessary in order to reach what the trial court considered an appropriate sentence. However, the sentence imposed was predicated upon the 1995 sentencing guidelines range. See id. On remand, the trial court determined that the maximum sentence under the 1994 guidelines without the multiplier was insufficient. See id. at 1043. In an attempt to reach what the trial court originally considered to be an appropriate sentence, it became necessary for the trial court to exercise its discretion and apply the multiplier, which was applicable at the time of the commission of Trotter's offense. See id. Under these circumstances, we conclude that double jeopardy principles did not preclude the trial court from applying the drug trafficking multiplier on remand after a resentencing pursuant to Heggs.
We next address Trotter's claim of a due process violation in resentencing him utilizing the multiplier. The due process inquiry under North Carolina v. Pearce, 395 U.S. 711, 725-26, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), is whether the new sentence following resentencing constitutes a vindictive sentence. The United States Supreme Court explained in Pearce:

*369 Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.
Id. (emphasis supplied) (footnote omitted). Of course, as Pearce clearly states, the presumption of vindictiveness arises only when a judge imposes a more severe sentence upon resentencing. See id.; Carter v. State, 791 So.2d 568, 571 (Fla. 3d DCA 2001) (concluding that no claim of vindictiveness may be made where no harsher sentence is imposed at resentencing); Sullivan v. State, 801 So.2d 185, 187 (Fla. 5th DCA 2001) (holding that where trial court did not impose a harsher sentence on remand, the presumption of vindictiveness did not arise).
In this case, the trial court originally sentenced Trotter to 83.2 months' incarceration. On resentencing from the Heggs remand, the trial court applied the multiplier, resulting in a sentence of 72 months' incarceration. Because the sentence imposed on remand was less than the original sentence imposed, we conclude that the presumption of vindictiveness did not arise, and that Trotter has failed to establish a due process violation in this case.
Therefore, for the reasons discussed above, we approve the Fifth District's decision in this case and disapprove the Second District's decision in Estrada to the extent it is inconsistent with this opinion.
It is so ordered.
ANSTEAD, C.J., and SHAW, HARDING, LEWIS, and QUINCE, JJ., concur.
WELLS, J., concurs in result only.
NOTES
[1] In Heggs, this Court held that the act containing the 1995 sentencing guidelines was unconstitutional because it violated the single subject rule. 759 So.2d at 630.
[2] Florida Rule of Criminal Procedure 3.702(d)(14) provides:

If the primary offense is drug trafficking under section 893.135, the subtotal sentence may be multiplied, at the discretion of the sentencing court, by a factor of 1.5.
[3] Trotter did not enter a plea to a specific sentence. See Trotter v. State, 774 So.2d 924, 925 (Fla. 5th DCA 2001). Rather, the State recommended a guidelines sentence that would have been imposed even if Trotter had been convicted by a jury of the crime charged. See id. Therefore, there was no negotiated plea in this case, but simply a straight-up guilty plea to the only charge contained in the information. See id. The Fifth District noted that "[n]othing in the record indicates that the State dismissed or reduced any original charges in exchange for the plea and there is no sentencing range contained in the plea or the transcript of the plea colloquy." Id.
[4] The Court explained that "[a]s a habitual offender Harris will not be subject to the provisions of section 921.001 (sentencing guidelines), chapter 947 (parole), or gain-time granted by the Department of Corrections." Harris, 645 So.2d at 387 n. 3 (citing section 775.084(4)(e), Fla. Stat. (1989)).