782 So.2d 919 (2001)
Ronald W. ROBERTI, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4266.
District Court of Appeal of Florida, Second District.
March 23, 2001.
*920 Marisa Tinkler Mendez, of Marisa Tinkler Mendez, P.A., Coral Gables, for Appellant.
No appearance for Appellee.
FULMER, Acting Chief Judge.
Ronald W. Roberti appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Roberti pleaded no contest to two counts of handling and fondling and one count of attempted capital sexual battery in exchange for concurrent sentences of seventeen years' prison to be followed by ten years' probation. He now alleges that counsel was ineffective in numerous regards and that his plea was involuntary. We affirm without comment the denial of all of Roberti's claims except one.
Roberti alleges that counsel told him that he would not be subject to the Involuntary Commitment of Sexually Violent Predators Act[1] because the court had agreed that the probationary portion of his sentence could be served out of state. This is an incorrect statement of the law. The Act applies to all persons convicted of sexually violent offenses who are sentenced to total confinement. See § 394.925, Fla. Stat. (2000). That the trial court provided for Roberti's probation to be transferred has no effect on this. The Act is in fact applicable to Roberti.
The trial court denied this claim stating that commitment under the Act is a collateral consequence of a plea about which the defendant need not be warned. See Watrous v. State, 26 Fla. L. Weekly D686, ___ So.2d ___, 2001 WL 219982 (Fla. 2d DCA Mar. 7, 2001); Pearman v. State, 764 So.2d 739 (Fla. 4th DCA 2000). While this is a correct statement of the law, it fails to address Roberti's actual claim. Roberti alleged not that counsel failed to advise him that his pleas could subject him to commitment under the Act, but rather that counsel affirmatively misadvised him that they could not. Affirmative misadvice about even a collateral consequence of a plea constitutes ineffective assistance of counsel and provides a basis on which to withdraw the plea. See Watrous, 26 Fla. L. Weekly D686, ___ So.2d ___, 2001 WL 219982 (Fla. 2d DCA March 7, 2001); Simmons v. State, 611 So.2d 1250 (Fla. 2d DCA 1992); Montgomery v. State, 615 So.2d 226 (Fla. 5th DCA 1993).
We, therefore, reverse and remand for an evidentiary hearing on this claim. In order to prevail at that hearing Roberti must demonstrate that counsel affirmatively misadvised him and that he would not have pleaded had he been properly advised. We affirm the remainder of the trial court's order without comment.
Affirmed in part; reversed in part; and remanded for an evidentiary hearing.
NORTHCUTT and CASANUEVA, JJ., concur.
NOTES
[1] See §§ 394.910-931, Fla. Stat. (2000).