822 So.2d 524 (2002)
Bobby Lee WALKUP, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-963.
District Court of Appeal of Florida, Second District.
July 17, 2002.
BLUE, Chief Judge.
Bobby Lee Walkup appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Walkup raised three claims in his motion. We affirm the first two claims without comment but reverse and remand for an evidentiary hearing on the third claim.
Walkup entered a plea of guilty to the lesser charge of attempted capital sexual battery and to committing a lewd and lascivious act on a child. Pursuant to the plea agreement, he was sentenced to concurrent thirteen-year prison sentences on the two charges, followed by ten years of probation on attempted capital sexual battery. Walkup alleged that his plea was involuntary. He claimed that because of misadvice from trial counsel, he believed his refusal to plead would subject him to commitment under the Involuntary Civil Commitment of Sexually Violent Predators *525 Act in sections 394.910-931, Florida Statutes (1999). In actuality, Walkup's plea itself can subject him to commitment under this act. Generally, "[a]ffirmative misadvice about even a collateral consequence of a plea constitutes ineffective assistance of counsel and provides a basis on which to withdraw the plea." Roberti v. State, 782 So.2d 919, 920 (Fla. 2d DCA 2001) (ordering an evidentiary hearing in a rule 3.850 proceeding when defendant alleged affirmative misadvice regarding the Involuntary Civil Commitment of Sexually Violent Predators Act). Walkup has made a facially sufficient claim.
The trial court denied the claim, but we have examined the attachments to the trial court's order and disagree that they conclusively refute Walkup's allegation. We reverse the trial court's denial of this claim and remand for an evidentiary hearing. To prevail at that hearing, Walkup "must demonstrate that counsel affirmatively misadvised him and that he would not have pleaded had he been properly advised." Roberti, 782 So.2d at 920. We note that the relief sought by Walkup may not be exactly what he wants since he may face charges that could bring a life sentence.
Affirmed in part, reversed in part, and remanded.
FULMER and COVINGTON, JJ., Concur.