823 So.2d 245 (2002)
Jeffrey W. WEIR, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-3117.
District Court of Appeal of Florida, Fourth District.
August 7, 2002.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Meredith L. Balo, Assistant Attorney General, Ft. Lauderdale, for appellee.
PER CURIAM.
Jeffrey W. Weir appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.
In his motion, Weir contended that his attorney was ineffective for affirmatively *246 misadvising him that if he entered a plea on his aggravated battery charge, and his adjudication was withheld, he could not be deported.
Weir asserted that he had received a written notice of "removal proceedings" before the Immigration court. Further, he stated "[A]s a result of the aforesaid plea, and pursuant to Federal Immigration Law, petitioner has been ordered deported by the United States government." Finally, he maintained that, had he known about the possible consequences of entering the plea, he would not have entered it. Weir has alleged a legally sufficient claim. See Ghanavati v. State, 820 So.2d 989 (Fla. 4th DCA 2002).
In its answer brief, the state concedes that if Weir's claim is legally sufficient, then the cause should be remanded for an evidentiary hearing.[1] We agree. Accordingly, we reverse the trial court's order summarily denying his motion and remand for an evidentiary hearing thereon.
STONE, FARMER and SHAHOOD, JJ., concur.
NOTES
[1] Significantly, the state has not provided any documentation that this deportation is based upon a different conviction.