PER CURIAM.
The defendant appeals the summary denial of her motion for postconviction relief, pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, she seeks to vacate and set aside her plea and sentence and alleges that defense counsel affirmatively misadvised her that certain licenses she possessed would not be affected by her entry of a nolo contendere plea to the charge of resisting arrest with violence because the trial court would withhold adjudication. In fact, her Class C and E licenses have been revoked and her Class R license is subject to revocation.
The State has responded that she was given a full hearing by the agency prior to its decision to revoke her licenses, where she was able to present mitigating circumstances to establish her claim of self defense. Thus, the state concludes that the revocation of her licenses was not a direct effect of her plea and she should not be able to withdraw it. We disagree.
In Ghanavati v. State, 820 So.2d 989 (Fla. 4th DCA 2002), this court held that a defendant may be entitled to withdraw a plea when the plea was entered in reliance on affirmative misadvice and results in prejudice even if the misdadvice concerns collateral consequences. We can see no meaningful distinction between the facts of this case and Ghanavati. See also Weir v. State, 823 So.2d 245 (Fla. 4th DCA 2002). We therefore reverse and remand the ease for an evidentiary hearing.
STONE, WARNER and MAY, JJ„ concur.