835 So.2d 1259 (2003)
Donald Harvey SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-5279.
District Court of Appeal of Florida, Second District.
January 31, 2003.
James Marion Moorman, Public Defender, Bartow, and A. Victoria Wiggins, Assistant Public Defender, Bartow, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and William I. Munsey, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Donald Smith challenges the trial court's denial of his motion to withdraw plea. Although an apparent conflict developed between Smith and his trial counsel at the hearing on the motion, the trial court failed to offer Smith the assistance of a separate attorney. We reverse.
The preferred course to follow once a defendant files a motion to withdraw plea alleging misrepresentation, coercion *1260 or duress by defense counsel, or once a conflict of interest arises between the defendant and defense counsel at the motion hearing is for the trial court to appoint or allow the defendant to retain independent counsel solely for the purpose of representation on the motion to withdraw plea.
Holifield v. State, 717 So.2d 69, 69 (Fla. 1st DCA 1998) (emphasis added).
Once the conflict became apparent, Smith was without representation. See Padgett v. State, 743 So.2d 70, 73 (Fla. 4th DCA 1999) ("[A]s the hearing unfolded, Padgett was for all intents and purposes unrepresented. Once it became clear at the hearing that appellant and his counsel had indeed taken adversarial positions ... appellant was entitled to the appointment of conflict-free counsel.").
Accordingly, we reverse and remand for a new evidentiary hearing with instructions for the trial court to appoint conflict-free counsel.
Reversed and remanded.
NORTHCUTT, J., and THREADGILL, EDWARD F., Senior Judge, Concur.