841 So.2d 629 (2003)
Kenneth GUNN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4617.
District Court of Appeal of Florida, Second District.
April 4, 2003.
*630 James Marion Moorman, Public Defender, and Robert F. Moeller, Assistant Public Defender, Bartow, for Appellant.
Charles R. Crist, Jr., Attorney General, Tallahassee, and Ha T. Dao, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Kenneth Gunn appeals his judgment and sentences for two counts of sexual battery when the victim was physically incapacitated, one count of attempt to commit sexual battery when the victim was physically incapacitated, and one count of home invasion robbery. He argues that the trial court erred in denying his motion to withdraw plea prior to sentencing and by not affording him conflict-free counsel at the hearing on his motion. We reverse and remand for an evidentiary hearing with *631 conflict-free counsel on the motion to withdraw plea.
On August 14, 2000, Gunn appeared with defense counsel for a plea hearing. Gunn entered a guilty plea in exchange for twenty-four years' imprisonment followed by five years' probation. On September 20, 2000, Gunn appeared for sentencing but indicated that he desired to withdraw his plea. He claimed that he had been denied his right to see what was on the videotaped deposition of the alleged victim and that his attorney had assured him that he would not be registered as a sexual predator if he entered the plea.
Defense counsel responded to Gunn's claim concerning the videotape, stating that on two occasions he set up the videotape for viewing, but Gunn refused to watch. Defense counsel did not respond to the claim that he misadvised Gunn regarding registration as a sexual predator.
The trial court denied Gunn's request to withdraw his plea and proceeded to sentence him in accordance with the plea agreement. The trial court declared Gunn to be a sexual predator pursuant to section 775.21, Florida Statutes (1999).
The standard of review of a trial court's decision on a motion to withdraw a plea is abuse of discretion. Graham v. State, 779 So.2d 604, 605 (Fla. 2d DCA 2001). In order to withdraw a guilty plea before sentencing, the defendant has the burden to show good and sufficient cause to support the withdrawal. See Fla. R.Crim. P. 3.170(f); Caddo v. State, 806 So.2d 520, 521 (Fla. 2d DCA 2001).
The designation of a person as a sexual offender or predator is a collateral consequence of a guilty plea. State v. Partlow, 840 So.2d 1040 (Fla.2003); Collie v. State, 710 So.2d 1000, 1008 (Fla. 2d DCA 1998). The failure of the trial court or counsel to advise the defendant of a collateral consequence does not render the plea involuntary and does not provide a basis on which to withdraw the plea. Watrous v. State, 793 So.2d 6, 10 (Fla. 2d DCA 2001). However, affirmative misadvice about a collateral consequence of a plea provides a basis on which to withdraw the plea. See Walkup v. State, 822 So.2d 524, 525 (Fla. 2d DCA 2002); Roberti v. State, 782 So.2d 919, 920 (Fla. 2d DCA 2001). Because Gunn's claim concerning defense counsel's alleged affirmative misadvice was not addressed by the trial court, reversal is required for an evidentiary hearing. See Ayers v. State, 831 So.2d 1260 (Fla. 2d DCA 2002); Snodgrass v. State, 837 So.2d 507 (Fla. 4th DCA 2003).
Gunn also asserts that when he raised the issue of withdrawing his plea, defense counsel took an adversarial position by refuting Gunn's claim regarding the videotape. Gunn argues that he should have been provided with conflict-free counsel to represent him on his motion to withdraw plea. We agree. Once a conflict becomes apparent between the defendant and defense counsel during a hearing on the defendant's motion to withdraw plea, the defendant is without representation and is entitled to the appointment of conflict-free counsel. See Smith v. State, 835 So.2d 1259 (Fla. 2d DCA 2003); see also Padgett v. State, 743 So.2d 70, 73 (Fla. 4th DCA 1999).
Accordingly, we reverse the judgment and sentences and remand with instructions that the trial court appoint conflict-free counsel for the purpose of an evidentiary hearing on Gunn's motion to withdraw his plea.
Reversed and remanded.
NORTHCUTT and SALCINES, JJ., Concur.