892 So.2d 1200 (2005)
Jeremiah ALGUNO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3265.
District Court of Appeal of Florida, Fourth District.
February 9, 2005.
*1201 Judd Rowe of the Law Offices of Kirk Grantham, P.A., West Palm Beach, and Iva K. Oza, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant Jeremiah Alguno appeals a trial court order summarily denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for the reasons that follow.
In June 1995, Alguno pleaded guilty to sale of marijuana in case no. 95-3958 and to possession of marijuana with intent to sell in case no. 95-3959. The trial court withheld adjudication in both cases and placed him on drug offender probation for eighteen months. Alguno did not appeal.
On July 8, 2003, Alguno filed a motion for post-conviction relief alleging that he had received notification from the U.S. Immigration and Naturalization Service that it had decided on July 11, 2001 to deny his application for naturalization. The decision was based on the case for possession of marijuana with intent to sell, which INS regarded as a conviction, and an `aggravated felony' under immigration laws. Alguno alleged in his motion for post-conviction relief that he entered his pleas in the two cases based on the affirmative misadvice of his trial counsel who advised that Alguno's pleas would not jeopardize his chances of becoming a U.S. citizen. Alguno alleged that he was prejudiced by this affirmative misadvice when the INS denied his application for naturalization in July 2001.
Appellant's claim is timely. See Peart v. State, 756 So.2d 42 (Fla.2000). The original motion was filed within two years of when Alguno allegedly discovered that his counsel's affirmative misadvice was erroneous, and the amended motion to include the required oath was filed within a few weeks from the order dismissing his original motion without prejudice. See Love v. State, 814 So.2d 475, 477 (Fla. 4th DCA 2002)(citing Bethune v. State, 774 So.2d 4 (Fla. 2d DCA 2000)).
On the merits, we find that the trial court erred in summarily denying this motion. Although the trial court and defense counsel are under no obligation to advise the defendant of the collateral consequences of a plea, see Major v. State, 814 So.2d 424, 426 (Fla.2002), claims of trial counsel's affirmative misadvice on citizenship and other collateral consequences have been held to be legally cognizable grounds for post-conviction relief. See e.g. State v. Sallato, 519 So.2d 605, 606 (Fla.1988) (attempt to become a citizen). See also Bates v. State, 887 So.2d 1214 (Fla.2004) (Pariente, C.J., concurring specially) (sentence enhancements); Weir v. State, 823 So.2d 245 (Fla. 4th DCA 2002) (threat of deportation); Ghanavati v. State, 820 So.2d 989 (Fla. 4th DCA 2002) (same); Joyner v. State, 795 So.2d 267, 268 (Fla. 1st DCA 2001) (right to vote); Roberti v. State, 782 So.2d 919, 920 (Fla. 2d DCA 2001) (involuntary commitment as a sexual predator).
Because the motion for post-conviction relief stated a legally cognizable claim, and *1202 the record does not refute the allegations herein, we reverse and remand for an evidentiary hearing. See Weir, 823 So.2d at 246 (remanding for evidentiary hearing where defendant claimed his attorney affirmatively misadvised defendant concerning the collateral consequences of a plea where adjudication was withheld).
GUNTHER, POLEN and GROSS, JJ., concur.