NORTHCUTT, Judge.
Matthew Rybolt was on probation when he was charged with nineteen drug offenses: armed trafficking in cocaine, trafficking in MDMA, four counts each of possession and sale of cocaine, two counts each of sale and possession of metham *683 phetamine, two counts each of possession and sale of MDMA, and one count each of possession and sale of marijuana. Although he consistently maintained that he had never been armed, Rybolt entered into a best interests agreement to plead guilty to all charges in exchange for a thirty-year cap on sentencing. He also admitted to violating his probation. After he was sentenced to thirty years for the two trafficking convictions, with various minimum mandatory terms and lesser concurrent sentences for the remaining convictions, Rybolt filed a motion to withdraw his plea, which we have treated as a motion filed under Florida Rule of Criminal Procedure 3.170(0- Rybolt also sought a modification of his sentence under Florida Rule of Criminal Procedure 3.800(c). The motions were denied after an evidentiary hearing before the same judge who accepted the plea, and Rybolt now appeals the order denying relief.
To warrant relief on his motion to withdraw his plea, Rybolt was required to show that the plea was involuntary and that a manifest injustice required correction. See State v. Partlow, 840 So.2d 1040, 1042 (Fla.2003). The circuit court heard testimony by Rybolt and the defense attorney who represented him at the time of the plea. The court found that the plea was neither induced by misadvice nor made while Rybolt was under the influence of drugs obtained from his cellmate at the jail. Rybolt had the burden of proving that his plea was involuntary, and on this record we cannot conclude that the court abused its discretion in rejecting this claim. See Gunn v. State, 841 So.2d 629 (Fla. 2d DCA 2003). Accordingly, we affirm the order denying the motion to withdraw plea.
Rybolt’s motion for reconsideration of his sentence pursuant to rule 3.800(c) was filed on the sixtieth day after his sentencing. Although he filed several amended motions, he never sought and the court never granted an extension of time to rule on the motions. We agree with Rybolt, and the State concedes, that the circuit court lost jurisdiction to rule on the motion to modify the sentence because more than sixty days had elapsed since the imposition of sentence. See Fla. R.Crim. P. 3.800(c) (establishing sixty-day windows during which criminal defendant may seek sentence modification); see also McCormick v. State, 961 So.2d 1099, 1100 (Fla. 2d DCA 2007). Therefore, we reverse that portion of the order denying relief on the rule 3.800(c) motion.
Affirmed in part; reversed in part.
KELLY and LaROSE, JJ„ Concur.