NORTHCUTT, Judge.
Jamey Balzer pleaded no contest to a charge of aggravated battery with great bodily harm or a deadly weapon. The court entered judgment against him on October 7, 2010, and sentenced him on October 12, 2010. On October 18 Balzer filed a pro se motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(i), and on October 21 he filed an amendment to that motion. He followed these motions with a pro se notice of appeal filed on October 22, 2010. The question before us is whether an order entered in December 2010, which denied Balzer’s rule S.170(£) motion without prejudice and appointed conflict-free counsel to represent him, actually disposed of his motion and rendered Balzer’s judgment and sentence final for appeal purposes. See Fla. R.App. P. 9.020(h). We hold that it did not. Accordingly, we dismiss this appeal as premature.
At the time Balzer filed his rule 3.170(() motion, he was still represented by his trial counsel. See generally Fla. R.Crim. P. 3.111(e). As a general rule, a motion filed by a represented defendant will be dismissed as a nullity. But an exception to that rule applies when a pro se rule 3.170(i) motion contains specific allegations that could give rise to an adversarial relationship between the defendant and his lawyer. Sheppard v. State, 17 So.3d 275, 277 (Fla.2009). In such an instance, Sheppard contemplates that the *175 circuit court will hold an evidentiary hearing to determine whether conflict-free counsel should be appointed to represent the defendant in the motion proceeding. Here, although the court did not hold an evidentiary hearing, the fact that its December 2010 order appointed conflict-free counsel for Balzer established that it determined such counsel was necessary.
The confusion in this case stemmed from the court’s election to deny Balzer’s 8.170(1) motion “without prejudice” rather than to withhold ruling on the motion until Balzer’s newly appointed counsel could assist in preparation of the case. The apparent intent of the December 2010 order was to allow Balzer to proceed with his motion at a later date with counsel’s assistance. But at a hearing held in January 2011, both Balzer’s appointed counsel and the judge became concerned that under Florida Rule of Appellate Procedure 9.020(h) the circuit court might have lost jurisdiction as a result of the order.
Rule 9.020(h) specifically provides that if a rule 3.170(1) motion is filed after a defendant is sentenced, the judgment and sentence, i.e., the final order in a criminal case, shall not be deemed rendered “until the filing of a signed, written order disposing of all such motions.” Fla. R.App. P. 9.020(h)(1). If a defendant files a notice of appeal after he files a rule 3.170(1) motion, “the notice of appeal shall be treated as prematurely filed and the appeal held in abeyance until the filing of signed, written order disposing of such motion.” Fla. R.App. P. 9.020(h)(3).
It is clear from the December 2010 order that the circuit court was not thereby “disposing” of Balzer’s motion. The order stated: “The Court shall appoint counsel to represent the Defendant with his Motion to Set Aside the Plea. An Order has been filed to appoint John Fleck, Esquire.” The court’s ruling contemplates further judicial labor concerning the motion. And although the order also stated that the motion was “denied without prejudice,” we are convinced that the court meant for the defendant and his new counsel to perhaps file an amended motion or to schedule another hearing. Indeed, when the confusion arose at the later hearing, the court indicated that even if it had lost jurisdiction, it wanted Attorney Fleck to continue to work with Balzer on his motion.
We hold that the court’s December 2010 order did not dispose of Balzer’s rule 3.170(1) motion. Accordingly, rendition of his judgment and sentence remains tolled and his appeal is premature. See Fla. R.App. P. 9.020(h)(1), (3). We dismiss this appeal and remand to the circuit court with directions to allow Balzer to proceed with his rule 3.170(1) motion.
Appeal dismissed as premature.
SILBERMAN, C.J., and WHATLEY, J., Concur.