MORRIS, Judge.
Corey Moseley appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he raised fourteen grounds for relief. We reverse and remand for further proceedings on ground nine and affirm without comment on the remaining thirteen grounds.
Mr. Moseley was initially charged with two counts of sexual battery on a person less than twelve years of age. See § 794.011(2)(a), Fla. Stat. (2009). Pursuant to negotiations with the State, Mr. Moseley pleaded no contest to one count of the lesser-ineluded offense of attempted sexual battery on a person less than twelve years of age, and the State nolle prossed count two. The trial court sentenced Mr. Moseley as a habitual felony offender to ten years’ imprisonment followed by fifteen years of sexual offender probation. The court also imposed a sexual predator designation. See § 775,21, Fla. Stat. (2009).
In ground nine of his rule 3.850 motion, Mr. Moseley sought to withdraw his plea, claiming that counsel affirmatively misadvised him regarding the consequences of a sexual predator designation. Mr. Moseley claimed that if counsel had properly advised him, he would have re *493 jected the State’s plea offer and proceeded to trial in order to avoid the sexual predator designation by seeking an acquittal on the two sexual battery charges. Although a sexual predator designation is a collateral consequence of which the trial court is not required to advise Mr. Moseley during the plea colloquy, see State v. Partlow, 840 So.2d 1040, 1043-44 (Fla.2003), an allegation of affirmative misadvice nevertheless provides grounds for withdrawing an involuntary plea. See Gunn v. State, 841 So.2d 629, 631 (Fla. 2d DCA 2003) (finding that affirmative misadvice regarding a sexual predator designation constitutes a facially sufficient claim of ineffective assistance of counsel that provides a basis for withdrawing a plea); Roberti v. State, 782 So.2d 919, 920 (Fla. 2d DCA 2001) (“Affirmative misadvice about even a collateral consequence of a plea constitutes ineffective assistance of counsel and provides a basis on which to withdraw the plea.”).
The postconviction court summarily denied this facially sufficient claim by simply noting that Mr. Moseley could not have been prejudiced by counsel’s misadvice because he could not qualify for a less burdensome sexual offender designation. See § 943.0435, Fla. Stat. (2009). Although Mr. Moseley’s claim was not well pleaded, he clearly was not asking for a reduction of the sexual predator designation to a sexual offender designation. Instead, had he been correctly advised, he would have attempted to avoid the sexual predator designation altogether through an acquittal after trial. Since the postconviction court’s record attachments do not conclusively refute Mr. Moseley’s claim that counsel misadvised him about the consequences of a sexual predator designation, the court erred in summarily denying ground nine. See Fla. R. Crim. P. 3.850(d) (2012).
Accordingly, we reverse the postconviction court’s denial of ground nine and remand for the postconviction court to either attach additional portions of the trial record that conclusively refute ground nine or hold an evidentiary hearing. In order to prevail at the evidentiary hearing, Mr. Moseley must demonstrate that his attorney affirmatively misadvised him and that he would not have entered a plea absent that misadvice. See Roberti, 782 So.2d at 920. Mr. Moseley should note that if he ultimately prevails on this claim, he will likely face charges that could result in life sentences.
Affirmed in part; reversed in part; remanded.
KELLY and WALLACE, JJ„ Concur.