DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MITCHELL E. FOX,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-149

[June 3, 2015]

CORRECTED OPINION

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Thomas M. Lynch, IV, and Michael I. Rothschild, Judges; L.T. Case No. 09-12935CF10A.

Carey Haughwout, Public Defender, and Emily Ross-Booker, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nancy Jack, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

We affirm the order denying a motion to withdraw plea filed pursuant to Florida Rule of Criminal Procedure 3.170(*l*) because the motion was untimely filed.

Pursuant to a plea bargain, on August 2, **2010,** appellant entered a plea of no contest to organized scheme to defraud. In September 2010, he was sentenced to ten years in prison followed by twenty years of probation. No appeal was taken from this judgment and sentence.

On October 3, **2011,** appellant moved for a "downward departure" of his sentence, which was, in essence, a motion to mitigate. On December 8, 2011, the trial court granted the motion to mitigate and reduced the incarceration portion of the sentence from ten years to eight.

On December 28, **2011**, appellant moved pro se to withdraw his 2010 plea pursuant to Florida Rule of Criminal Procedure 3.170(*l*). The trial court denied the motion on May 28, 2013.

Appellant contends that the trial court erred by summarily denying his Rule 3.170(*l*) motion without appointing conflict-free counsel.

Because appellant's rule 3.170(*l*) motion to withdraw his plea was filed more than 30 days after the September 2010 sentence, it was untimely and the trial court was not required to appoint counsel to handle the motion.

Rule 3.170(*l*) provides defendants with a narrow procedural mechanism to "challenge the entry of [a] plea within thirty days after sentencing on the grounds stated in Florida Rule of Appellate Procedure 9.140(b)(2)(A)." *Garcia v. State*, 846 So. 2d 660, 661 (Fla. 2d DCA 2003). Once the thirty-day window passes, "the trial court loses jurisdiction, and '[a] [d]efendant cannot confer jurisdiction on the trial court by waiver, acquiescence, estoppel or consent.'" *Golden v. State*, 84 So. 3d 396, 398 (Fla. 1st DCA 2012) (quoting *State v. Schafer*, 583 So. 2d 374, 376 (Fla. 4th DCA 1991)). Appellant's December 2011 rule 3.170(*l*) motion was therefore untimely, having been filed more than a year after sentencing.

The trial court's December 8, 2011 order mitigating two years off the sentence did not restart the clock for a rule 3.170(*l*) motion for two reasons. First, even if the court had jurisdiction to mitigate, the mitigation of a sentence is not the "rendition" of a sentence contemplated by rule 3.710(*l*), so the timeliness of the motion is measured from the original sentence. Second, the court was without jurisdiction to mitigate the sentence, so the mitigation order was without legal effect.

Even if the motion to mitigate had been timely (i.e., within 60 days of the imposition of the sentence), the mitigation of an already imposed sentence does not amount to the "rendition" of a sentence within the meaning of rule 3.170(*l*). Unlike a resentencing, a mitigation is not a de novo proceeding complete "'with the full array of due process rights.'" *Peters v. State*, 128 So. 3d 832, 840 (Fla. 4th DCA 2013) (quoting *St. Lawrence v. State*, 785 So. 2d 728, 729–30 (Fla. 5th DCA 2001)). Because resentencing is a new proceeding, the sentencing process starts afresh. *See Kopson v. State*, 39 Fla. L. Weekly D2165 (Fla. 4th DCA Oct. 15, 2014). Thus, a rule 3.800(c) motion is timely when filed within 60 days of a resentencing pursuant to a postconviction motion because resentencing constitutes, for all intents and purposes, the "rendition" of a new sentence. *Griffin v. State*, 979 So. 2d 1253, 1255 (Fla. 4th DCA 2008), *rev. dismissed*, 4 So. 3d 1218 (Fla. 2009).

Mitigation, on the other hand, is just as its name implies: the lessening of an otherwise legal sentence. It does not require a full-blown resentencing hearing, but instead relates back to the previously imposed sentence. Had it been valid, the trial court's mitigation order in this case would have applied *nunc pro tunc* to September 30, 2010 because it was not *imposing* a new sentence, it was modifying a previous sentence.

There is a second reason that the motion to withdraw plea was untimely. Mitigation of a sentence is controlled by Florida Rule of Criminal Procedure 3.800(c), which, under the facts of this case, where no appeal was taken, required that the motion be filed within "60 days after the imposition" of the sentence. Filed over a year after the imposition of his sentence, appellant's motion was untimely. Once the 60-day period has expired, the trial court loses jurisdiction to consider a rule 3.800(c) motion to mitigate. *See McCormick v. State*, 961 So. 2d 1099, 1100 (Fla. 2d DCA 2007); *see also Rybolt v. State*, 25 So. 3d 682, 683 (Fla. 2d DCA 2010) ("We agree with Rybolt, and the State concedes, that the circuit court lost jurisdiction to rule on the motion to modify the sentence because more than sixty days had elapsed since the imposition of sentence."). The order mitigating the sentence was without legal effect since the court was without jurisdiction to enter it. The timeliness of the motion to withdraw the plea would therefore be measured from the original September 2010 sentencing date.

In sum, measured from the original sentencing date, the Rule 3.170(*l*) motion was untimely so the trial court was not required to appoint conflict free counsel and did not err in denying the motion.

*Affirmed.*

WARNER and CONNER, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**