Per Curiam.
Affirmed. As to the claim that counsel failed to file a timely motion to disqualify the trial judge, claims of ineffective assistance of postconviction counsel do not present a valid claim, as there is no constitutional right to collateral counsel. Zack v. State, 911 So.2d 1190, 1203 (Fla. 2005). Further, appellant wanted to disqualify the judge from ruling on a motion to mitigate a sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). A rule 3.800(c) motion is a collateral proceeding, “not a de novo proceeding complete ‘with the full array of due process rights.’” Fox v. State, 166 So.3d 894, 896 (Fla. 4th DCA 2015) (quoting St. Lawrence v. State, 785 So.2d 728, 729-30 (Fla. 5th DCA 2001)). Thus, his claim against collateral counsel is not cognizable. Zack, 911 So.2d at 1203. Appellant’s remaining claims are conclusively refuted by the record.
Warner, Taylor and May, JJ., concur.