NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BRIAN MICHAEL CHIPMAN,            )
                                  )
            Appellant,            )
                                  )
v.                                )          Case No. 2D18-2134
                                  )
STATE OF FLORIDA,                 )
                                  )
            Appellee.             )
_____   )

Opinion filed December 4, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pasco County; Kimberly Campbell,
Judge.

Brian Michael Chipman, pro se.

Ashley Moody, Attorney General,
Tallahassee, and Linsey
Sims-Bohnenstiehl, Assistant Attorney
General, Tampa, for Appellee.


PER CURIAM.


        Brian Michael Chipman appeals the trial court's order dismissing his

motion to withdraw plea after sentencing pursuant to Florida Rule of Criminal Procedure

3.170(*l*).  He argues that the court erred in dismissing his motion for lack of jurisdiction

because it was filed within thirty days of the imposition of his new sentence and before he filed a notice of appeal in Case No. 2D18-1067. We agree and reverse.

Chipman successfully challenged his sentence as being illegal because one of his prior convictions did not constitute a qualifying offense for purposes of a Violent Career Criminal (VCC) designation. See § 775.084(1)(d), (e), Fla. Stat. (2012). The trial court resentenced Chipman on February 16, 2018, and entered the written sentence on February 20, 2018. Within thirty days of the imposition of the new sentence, on February 26, 2018, Chipman filed a rule 3.170(l) motion alleging that his plea was involuntarily entered. This motion was filed before Chipman filed a notice of appeal of his sentence on March 16, 2018, in Case No. 2D18-1067.

Pursuant to Florida Rule of Appellate Procedure 9.020(i),[1] an order is rendered when a signed, written order is filed with the clerk of the lower court. However, if a rule 3.170(l) motion has been filed, "the final order shall not be deemed rendered as to any existing party until the filing of a signed, written order disposing of the" motion. Fla. R. App. P. 9.020(i)(1). Moreover, if a rule 3.170(l) motion has been filed before a notice of appeal, "the appeal shall be held in abeyance until the filing of a signed, written order disposing of the" motion. Fla. R. App. P. 9.020(i)(3).

Here, because the rule 3.170(l) motion was timely filed, the motion tolled rendition of Chipman's sentence. As such, Chipman's appeal should have been held in

---

[1]Rule 9.020(i) was amended on October 25, 2018, but the amendments did not become effective until January 1, 2019, after the notice of appeal in this case was filed. The new amendment re-lettered subdivision (i) as subdivision (h). The substance of the rule was not changed materially. In re Amendments to Florida Rules of Appellate Procedure—2017 Regular-Cycle Report, 256 So. 3d 1218, 1219 (Fla. 2018).

abeyance until the court disposed of his rule 3.170(*l*) motion.  See Carroll v. State, 157

So. 3d 385, 385–86 (Fla. 2d DCA 2015) (holding trial court had jurisdiction to rule on the

defendant's motion to withdraw plea even though the defendant's appeal was pending

because the motion to withdraw plea was filed before the notice of appeal); Balzer v.

State, 100 So. 3d 173, 174–75 (Fla. 2d DCA 2012) (dismissing appeal as premature

and remanding to trial court with directions to allow the defendant to proceed with his

rule 3.170(*l*) motion, which was filed before his notice of appeal).

      In Case No. 2D18-1067, Chipman filed a motion to hold the appeal of his

sentence in abeyance until the trial court ruled on his rule 3.170(*l*) motion.  On April 12,

2018, this court denied that motion and concluded that the trial court lacked jurisdiction

to consider Chipman's rule 3.170(*l*) motion.  Relying on this court's order denying

Chipman's motion to hold the appeal of his sentence in abeyance, the trial court entered

an order dismissing Chipman's rule 3.170(*l*) motion for lack of jurisdiction.

      However, because rendition of the judgment and sentence had been tolled

as a matter of law, the trial court did have jurisdiction over Chipman's rule 3.170(*l*)

motion, which had been timely filed after his resentencing.  See Passino v. State, 174

So. 3d 1055, 1056–57 (Fla. 4th DCA 2015) ("Because resentencing is a new

proceeding, the sentencing process starts afresh. . . .  [R]esentencing constitutes, for all

intents and purposes, the 'rendition' of a new sentence." (quoting Fox v. State, 166 So.

3d 894, 896 (Fla. 4th DCA 2015))).  This court has vacated its April 12, 2018, order

denying the motion to hold the appeal in abeyance and relinquished jurisdiction to the

trial court to rule on the merits of Chipman's rule 3.170(*l*) motion.  We now reverse the

trial court's order, which was erroneously entered in reliance on our now-withdrawn order, and remand for further proceedings.

Reversed and remanded.

KHOUZAM, C.J., and KELLY and ATKINSON, JJ., Concur.