STRINGER, Judge.
Roderick Childers seeks' review of the thirty-year habitual violent felony offender sentence which was imposed pursuant to a resentencing under State v. Thompson, 750 So.2d 643 (Fla.1999).[1] Childers argues that the trial court erred when it refused to consider mitigation evidence and indicated that it would not substitute its judgment for the prior sentencing court on remand. When a defendant is’ resentenced under Thompson, the resentencing shall be conducted de novo, and the court is required to consider mitigation evidence. Webb v. State, 805 So.2d 856, 857 (Fla. 2d DCA 2001). Thus, we reverse and remand for the court to conduct a de novo sentencing hearing in this case.
Reversed and remanded.
SALCINES and WALLACE, JJ., Concur.

. In Thompson, the Florida Supreme Court held that chapter 95-182, Laws of Florida, which created the statute under which Child-ers was originally sentenced, was unconstitutional. State v. Thompson, 750 So.2d 643, 646 (Fla.1999).