WELLS, Chief Judge.
Frank Carter appeals from the trial court’s summary denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Carter argues *49 that in resentencing him under State v. Thompson, 750 So.2d 643 (Fla.1999), the trial court erred in failing to provide him with a de novo sentencing proceeding. See Childers v. State, 861 So.2d 1194 (Fla. 2d DCA 2003) (providing that “[w]hen a defendant is resenteneed under Thompson, the resentencing shall be conducted de novo”).
On appeal from a summary denial, this court must reverse unless the postconvietion record, see Fla. R.App. P. 9.141(b)(2)(A), shows conclusively that the appellant is entitled to no relief. See Fla. RApp. P. 9.141(b)(2)(D). Because the record now before us fails to make the required showing, we reverse the order and remand for an evidentiary hearing or other appropriate relief. If the trial court again enters an order summarily denying the postconviction motion, the court shall attach record excerpts conclusively showing that the appellant is not entitled to any relief.
Reversed and remanded for further proceedings.